# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

**No. 98-31193**
**Summary Calendar**

_____

**NATIONSBANC MORTGAGE CORPORATION; ILA L.
ALCORN; JOSEPH JULIUS HONEA, SR.; DIANE BERRY HONEA;
DALE SMIECINSKI HEARREAN; KENNETH JERRY HEARREAN,**

**Plaintiffs-Appellees,**

**VERSUS**

**RODNEY J. STRAIN, JR., Etc; ET AL,**

**Defendants,**

**BRENDA BRAUD,**

**Defendants-Appellant.**

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(97-CV-3081-F)

_____

August 17, 1999

Before REYNALDO G. GARZA, BARKSDALE and DENNIS, Circuit Judges.

PER CURIAM:[1]

### I. Factual and Procedural Background

On July 13, 1994, defendant, Rodney J. Strain ("Strain"), the Tammany Parish Sheriff

conducted a real property[2] tax sale pursuant to L.S.A.-R.S. § 47:2181 to collect unpaid 1993 ad

_____

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2]The property was located at 202 Nunez Road, Slidell, Louisiana ("the property").

1

valorem taxes owed by Ila L. Alcorn ("Alcorn"). The Property was sold at that sale to defendant-appellant, Brenda Braud ("Braud").[3]

On October 1, 1997, Nationsbanc filed an action in the Eastern District of Louisiana to nullify the tax sale. Nationsbanc asserted that at the time of the tax sale it was the mortgagee of the property identified by a properly recorded mortgage and assignment in St. Tammany Parish records. Because the tax sale adversely affected National's (and, by extension, Nationsbanc's) mortgage on the property, due process required Strain to give constitutionally sufficient notice of the sale. Moreover, Nationsbanc contended that Strain did not even make such an attempt. Nationsbanc moved for summary judgment.

The district court granted summary judgment to Nationsbanc. The district court found that no issue of material fact existed in regard to Strain's ability to have discovered, through reasonable efforts, Nationsbanc's mortgagee status and given it notice of the tax sale. The court noted that Strain's deposition testimony illustrated that he made absolutely no effort to notify Nationsbanc of the sale. Accordingly, the court concluded that Strain ignored the law's constitutional requirement that a party undertake reasonably diligent efforts to determine the identity of creditors with a property interest effected by the tax sale.

This appeal followed.

---

[3]As the district court properly noted the sequence of parties and interests in the property is important. On September 23, 1986, James Honea and Dianne Berry Honea ("the Honeas") obtained a mortgage on the property from Mellon Financial Services Corp. # 7 ("Mellon"). Mellon assigned the mortgage, along with a bearer note, to Government National Mortgage Association on October 10, 1986. Mellon then again assigned the mortgage, this time to Franklin Savings Association ("Franklin"), on November 2, 1989.

On August 26, 1991, the Honeas sold the property with assumption of mortgage to Kenneth J. and Dale S. Hearrean ("the Hearreans"). The Hearreans, in turn, sold the property to Alcorn on May 18, 1992.

On November 2, 1992, the Resolution Trust Corp., as conservator for Franklin, assigned the mortgage to the National Mortgage Company ("National"). On February 1, 1995, National changed its corporate name to Boatmen's National Mortgage, Inc. ("Boatmen's"). On March 13, 1997, a Plan of Merger between Nationsbanc Mortgage Corp. ("Nationsbanc") made Nationsbanc the successor in interest to National.

2

## II. Standard of Review

This Circuit reviews a district court's grant of summary judgment *de novo*, applying the same standard of review as would the district court. *See Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 992 (5th Cir. 1999); *see Merritt-Campbell, Inc. v. RxP Products, Inc.*, 164 F.3d 957, 961 (5th Cir. 1999). Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 456-58 (1992). Summary judgment is proper only when it appears that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *see Merritt-Campbell, Inc.*,164 F.3d at 961. Disputes concerning material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Douglas v. United Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). An issue is "material" if it involves a fact that might affect the outcome of the suit under the governing law. *Id*. at 248; *Thomas v. LTV Corp*., 39 F.3d 611, 616 (5th Cir. 1994).

## III. Discussion

There is one issue presented by this appeal, whether the district court properly granted summary judgment to Nationsbanc. We have read the parties' briefs and the record and find that the court below did not err in granting summary judgement. We attach hereto as Appendix A the decision of the district court. We adhere to the findings therein and affirm the district court.

Furthermore, this Court finds, and both parties agree, that the district court's judgment nullifying the tax sale without requiring the payment of the tax, penalties and interest in accordance with LA. CONST. Art. & § 25(C) was improper. Accordingly, this court hereby orders that the judgment of the district court be modified to require Nationsbanc to reimburse Braud for such amounts.

### *IV.  Conclusion*

For the aforementioned reasons, we AFFIRM the district court's granting of

Nationsbanc's motion for summary judgment and modify the district court's judgment.